UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 2 · 13 (R 252 |
| v. | Filed: |
| NORMAN T. REMICK, | Violation: 15 U.S.C. § 1 |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## INFORMATION

The United States of America, acting through its attorneys, charges:

1.     NORMAN T. REMICK is hereby made a defendant on the charge stated below:

### SHERMAN ACT CONSPIRACY
### (15 U.S.C. § 1)

## RELEVANT PARTIES AND ENTITIES

2.     At all times relevant to this Information, NORMAN T. REMICK, the defendant,

resided in Barnegat, New Jersey.

3.     NORMAN T. REMICK, the defendant, regularly bid on and purchased tax liens

sold at public auctions conducted by municipalities in the State of New Jersey.

4.     Various other persons and entities, not named as defendants herein, participated

as co-conspirators in the offense charged herein and performed acts and made statements in

1

furtherance thereof. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, such allegation shall be deemed to mean that the corporation engaged in such act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## BACKGROUND

5.    A municipal tax lien is a legal restriction on real property (whether commercial, residential, industrial or land) imposed by municipalities in the State of New Jersey.

6.    When the owners of real property in the State of New Jersey fail to pay real property, water or sewer taxes, the municipality in which the property is located may attach a lien. If, after a waiting period, the lien remains unpaid, the lien may be sold at a live tax lien auction. The value of the lien sold at the auction includes the amount of unpaid taxes on the property, accrued interest, and any applicable costs or penalties.

7.    New Jersey has approximately 566 municipalities, which include cities, boroughs and townships. Municipalities hold their tax lien auctions at least annually. Bidders at these auctions include individuals, companies, banks and other financial institutions.

8.    At a tax lien auction in New Jersey, bidders bid on the interest rate the property owner will pay upon redeeming the tax lien attached to the owner's property. The bid opens at the statutory maximum of 18 percent, and through a competitive bidding process, can be driven down to 0 percent. At that point, the bidders may pay a premium, meaning the amount of money the winning bidder pays in addition to the lien amount. The winning bidder has the right to collect the amount of the lien from the delinquent taxpayer, along with the winning interest rate,

2

in addition to any subsequent taxes paid by the winning bidder and applicable interest and penalties. The winning bidder also has the right to foreclose on the property owner's right of redemption of the tax lien and take title to the property if the taxes owed on the property, accrued interest, or any applicable costs or penalties remain unpaid.

## DESCRIPTION OF THE OFFENSE

9.      From in or about the beginning of 2007 until approximately February 2009, the exact dates being unknown to the United States, NORMAN T. REMICK, the defendant, and his co-conspirators, entered into and engaged in a combination and conspiracy to suppress and eliminate competition by submitting non-competitive and collusive bids, at certain public auctions for tax liens conducted by municipalities within the District of New Jersey. The combination and conspiracy charged in this Information was carried out, in part, within the five years preceding the filing of this Information. The combination and conspiracy engaged in by REMICK and his co-conspirators was in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

10.      The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among NORMAN T. REMICK, the defendant, and his co-conspirators, the substantial terms of which were to rig bids for and allocate tax liens being auctioned by municipalities within the District of New Jersey.

3

## MEANS AND METHODS OF THE CONSPIRACY

11.     For the purpose of forming and carrying out the charged combination and

conspiracy, NORMAN T. REMICK, the defendant, and his co-conspirators, did those things that

they combined and conspired to do, including, among other things:

> a.     attended meetings and engaged in discussions or conversations at certain auctions regarding bids for tax liens being sold by municipalities within the District of New Jersey;
>
> b.     agreed during those meetings and discussions not to compete at those tax lien auctions by allocating which tax liens each would bid on or refrain from bidding;
>
> c.     submitted bids in accordance with the agreements reached; and
>
> d.     purchased tax liens pursuant to those agreements at collusive and non-competitive interest rates.

## TRADE AND COMMERCE

12.     At all times relevant to this Information, funds from outside the State of New

Jersey were used by one or more of the co-conspirators to purchase tax liens at auctions subject

to the conspiracy. Out-of-state bidders participated in multiple tax lien sales or auctions in New

Jersey and paid for tax liens won with out-of-state funds.

4

13.     At all times relevant to this Information, the activities of NORMAN T. REMICK, the defendant, and his co-conspirators with respect to the sale of municipal tax liens that are the subject of this Information were within the flow of, and substantially affected, interstate trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: 3/20/2013

_____
SCOTT D. HAMMOND
Deputy Assistant Attorney General

_____
MARVIN PRICE
Director of Criminal Enforcement

_____
MARC SIEGEL
Acting Chief, New York Office

_____
BRYAN C. BUGHMAN
CHARLES V. REILLY
LUDOVIC C. GHESQUIERE
Trial Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 335-8041

5

CASE NUMBER: _____

## United States District Court
## District of New Jersey

**UNITED STATES OF AMERICA**

**v.**

**NORMAN T. REMICK**

# INFORMATION FOR

**SCOTT D. HAMMOND**
*DEPUTY ASSISTANT ATTORNEY GENERAL*
*ANTITRUST DIVISION*

BRYAN C. BUGHMAN
*TRIAL ATTORNEY*
*212-335-8041*